267 So.2d 331 (1972)
In re Bernard R. BAKER, and Other Persons Similarly Situated (Now or Previously under Sentence of Death, but Not Resentenced).
No. 42821.
Supreme Court of Florida.
September 26, 1972.
Rehearing Denied November 3, 1972.
Tobias Simon, Miami, for petitioner.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
We have under consideration an original petition for constitutional writ filed by Bernard R. Baker, previously convicted of murder and sentenced to death (Baker v. State, Fla., 202 So.2d 563; Baker v. State, Fla., 241 So.2d 683). It is, further, a petition on behalf of a class of other persons similarly situated, who are now, or previously have been under sentence of death in this State, but who have not yet been re-sentenced. The Attorney General has filed a motion to dismiss the petition. This motion is denied and we now consider the merits of the petition.
Baker asserts that under the decision of the Supreme Court of the United States, in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the death sentences imposed upon persons in this State are illegal, and thereby void. This Court has itself never declared the death penalty unconstitutional, but has recognized and followed the decision of the United States Supreme Court in Furman v. Georgia, supra. See Donaldson v. Sack, Fla., 265 So.2d 499 (opinion filed July 17, 1972) and Anderson v. State, Fla., 267 So.2d 8 (opinion filed September 8, 1972). Baker's assertion that death sentences previously imposed are void is therefore correct.
On June 29, 1972, when Furman was decided, there were 100 persons under sentence *332 of death in Florida. Since their death sentences were then voided, it became necessary for the courts to arrange for, and impose, legal and appropriate sentences upon them.
At that time, forty of these persons had cases pending before this Court. The Attorney General filed a motion on July 24, 1972, requesting this Court to relinquish jurisdiction in those cases to the respective circuit courts for the purpose of re-sentencing under Rule 3.800 F.R.P., 33 F.S.A. Our decision, however, for reasons set forth at length in Anderson, supra, was for this Court to correct the illegal death sentences and  as to the 27 persons convicted of murder[1]  this Court imposed a sentence of "confinement in the State prison for the term of his natural life." Only the 13[2] persons in that group, convicted of rape, were remanded to the circuit courts for resentencing. This was because each of those persons, if his crime was committed prior to January 1, 1972, is entitled to a hearing prior to re-sentencing; and may be sentenced to imprisonment to life or for any term of years within the discretion of the Court. F.S. § 794.01 (1969), F.S.A.
*333 There were an additional 60 persons convicted of both murder and rape under sentences of death at the time Furman was decided.[3] Their cause was before the United *334 States District Court (M.D.Fla.) sub nom. Adderly v. Wainwright, 46 F.R.D. 97. On August 1, 1972, that Court vacated the death sentences and remanded each of the 60 persons to his respective circuit court for re-sentencing.
According to the petitioner, neither he nor all other persons will be re-sentenced prior to October 1, 1972. Petitioner requests that he, and the entire class be re-sentenced prior to that date so as to avoid the operation of Ch. 72-118, which requires sentences re-imposed after that date to be life terms without benefit of parole.[4]
What petitioner requests is that this Court (rather than the circuit courts) impose life sentences on convicted murderers and indeterminate sentences of time served to life imprisonment on convicted rapists; and as to the latter, and following this sentencing, remand them to the circuit courts for the discretionary sentencing procedure to which our statutes (until January 1, 1972) entitled them. The circuit courts would then decide the term of imprisonment to be imposed.
As stated in Anderson v. State, supra:
"We are aware of the many problems involved, when it is necessary to transport a large number of convicted murderers from the State prison to the trial court for the purpose of sentence. The safety of the law-abiding citizen is a matter of paramount concern to the Court. Also, many hours of manpower would be consumed by law enforcement officers in transporting the prisoners. Some local jail facilities are crowded and inadequate. Since the death sentence has been outlawed, there is a greater possibility of murder for the sake of escape, particularly when the penalty to be imposed for the taking of an additional human life can be no greater than that previously imposed by the Court. The above factors are sufficient to create an exception to Rule 3.180, F.R.Cr.P., requiring the presence of the defendants at sentencing. Their absence deprives them of no rights."
We have already granted this requested relief to 27 members of the class of persons under sentence of death. There appears to be no reason why the remaining members of the class need be treated differently. To do so would create a class statutorily denied parole, while facing life terms in prison. The uniqueness of this position would foster litigation attacking both *335 the facial validity of the Statute (C. 72-118) and its selective application to an indistinguishable few  a seeming denial of equal protection.
Under these circumstances, it is clearly to the best interest of the public that this Court impose sentences upon the class of petitioners as follows:
1. All of the members of the class of persons under sentence of death who have been convicted of murder are hereby sentenced to life imprisonment.
2. All of the members of the class of persons under sentence of death who have been convicted or rape are hereby sentenced to life imprisonment. The cases of these persons, however, are remanded to their respective circuit courts for the sole purpose of further consideration of this sentence, and each of such persons may, within 90 days from this date, file a motion with the trial court for mitigation of sentence. If such a motion is filed by any person, a hearing thereon may thereafter be held under F.R.P. Rule 3.780 to determine first the date of the crime for which the defendant stands convicted. If committed after January 1, 1972, the life sentence shall not be mitigated. See Anderson v. State, supra. If committed prior to January 1, 1972, the Court may conduct a hearing under Rule 3.780, F.R.P., for the purpose of inquiring into all factors relevant to sentencing and shall then resentence such person to a term of life imprisonment or a term of years, in the discretion of the court. The defendant has the right to be present at any such hearing and the right to retain counsel, or have counsel appointed if indigent. These rights may be waived in writing by a defendant.
3. Defendants in both categories, who have been convicted of two or more crimes in one or more counties, are hereby resentenced in accordance with the foregoing for each of such crimes.
The sentence of life imprisonment hereby imposed shall remain in full force and effect, and the defendant shall be held in custody under such sentences unless subsequently mitigated in accordance with the procedure set forth herein.
The Clerk of this Court shall furnish a certified copy of this order to the Clerks of the Circuit Courts in which each of the above-named defendants was convicted. If a defendant has not previously been resentenced, the Clerk of the Circuit Court in which he was convicted shall thereupon issue a commitment in each case based upon his sentence of life imprisonment and shall forward the commitment to the Division of Corrections. In the event the life imprisonment of a defendant charged with rape is mitigated by the trial court to a term of years, the Clerk of said Circuit Court shall thereupon issue an amended commitment reflecting the mitigated sentence and shall forward the amended commitment to the Division of Corrections.
Petitioner, Bernard R. Baker, who was convicted of murder in the first degree without recommendation of mercy, is controlled by our decision in Anderson v. State, supra. His sentence is corrected so as to provide that he shall be imprisoned by confinement in the State prison for life and an amended commitment shall be issued by the Clerk of the Circuit Court of Indian River County reflecting this sentence.
Many of the persons formerly under death sentence have already been resentenced by their respective circuit courts. For these persons, and to the extent that they have been resentenced in accordance with the procedures outlined herein, this order is inapplicable. It is, however, the purpose of the Court by this order to conclude the resentencing of all other persons in the class. All that remains to be accomplished are the hearings on behalf of persons who may move for a mitigation of their sentence by the trial court. These motions must be filed with the trial court within 90 days from this date, and they may thereafter be heard by the trial court within a reasonable time.
It is so ordered.
*336 ROBERTS, C.J., and ERVIN, CARLTON and BOYD, JJ., concur.
DEKLE, J., dissents.
DEKLE, Justice (dissenting):
I respectfully dissent.
The orderly processes of resentencing should not be interdicted by precipitous action of this Court. The matter should be left to proceed in due course. This opinion seems to lend itself to an apparent effort to nullify in advance the Legislature's action by Ch. 72-118 to restrict such resentencing.
The matter of sentencing (other than that which is simply automatic, in effect, as in Anderson, supra) is generally for a trial court, which should be left unfettered in the exercise of its function.
NOTES
[1] RACE OFFENSE SENTENCED COUNTY
ANDERSON, Earnest Eugene CM Murder 10-19-71 Dade
BARLOW, David Edward WM Murder 6-29-71 Franklin
BAULDREE, John Phillip WM Murder 3-05-71 Orange
BISHOP, Sylvian Dale WM Murder 5-14-71 Indian River
BOATWRIGHT, Kenneth L. CM Murder 1-31-72 Pinellas
COBB, Charles Elwood CM Murder 10-26-70 Dade
COON, Douglas Dwight CM Murder 10-12-71 Leon
DEMPS, Bennie Eddie CM Murder 7-02-71 St. Johns
EVANS, Lawrence Dean CM Murder 10-26-70 Dade
FORWARD, James E. CM Murder 5-24-72 Bay
FOWLER, Jerry Dwayne WM Murder 7-23-70 Pinellas
FUSSELL, James CM Murder 4-21-72 Leon
GUICE, Marvin Louis CM Murder 6-07-71 Lake
HALL, Roger L. WM Murder 6-09-72 Hillsborough
HARKELROAD, James Wesley WM Murder 5-27-71 Hillsborough
HIGGS, Macon, Jr. CM Murder 2-23-71 Broward
JOHNSON, Richard M., Jr. WM Murder 12-07-71 Orange
JONES, Wayne WM Murder 12-18-69 Manatee
KEATON, Dave Roby CM Murder 5-11-71 Leon
PAULK, Roy Carroll WM Murder 3-22-72 Orange
PRESSLEY, Nathaniel CM Murder 10-26-70 Dade
PYE, Benjamin Franklin CM Murder 10-12-71 Leon
REED, Craig V. WM Murder 6-05-70 Broward
REED, Gene R. WM Murder 6-05-70 Broward
RESNICK, Errol WM Murder 10-28-71 Pinellas
VAILLANCOURT, Paul Arthur WM Murder 4-14-72 Citrus
WARRICK, Samuel Wade CM Murder 12-03-71 Palm Beach

[2] RACE OFFENSE SENTENCED COUNTY
BERNOVICH, Dennis WM Rape 9-24-71 Seminole
BLACKWELL, Thomas Henry CM Rape 1-07-72 Escambia
BYRD, Robert Lee CM Rape 5-26-71 Seminole
CHANEY, Cornelius Lewis CM Rape 2-19-70 Bay
CORRIEA, Raymond Robert WM Rape 6-29-71 Broward
GORHAM, Douglas WM Rape 6-08-72 Hillsborough
ASHFORD, Willie CM Rape 11-3-70 Lake
HORTON, Leslie D. WM Rape 10-18-71 Hillsborough
HOUSE, Anthony Wayne WM Rape 5-19-72 Franklin
HOUSE, Herbert Eugene, Jr. WM Rape 5-19-72 Franklin
McDOLE, James Steddo CM Rape 1-07-72 Escambia
ROSEMAN, Andrew James CM Rape 10-22-71 Broward
WARREN, Robert CM Rape 10-29-70 Pinellas

[3] RACE OFFENSE SENTENCED COUNTY
ADDERLY, John A. CM Murder 7-24-61 Broward
ALLEN, Thomas CM Murder 2-11-64 Columbia
ANDERSON, Alvin Eugene CM Rape 5-20-69 Marion
ASHLEY, Henry Thomas WM Murder 12-11-70 Pasco
BAKER, Bernard R. WM Murder 4-18-66 Indian River
BAKER, Rudolph CM Murder 5-11-67 Lee
BAXTER, John Alvin WM Murder 6-02-72 Broward
BOYKIN, Willie James CM Murder 4-03-70 Duval
BROWN, Bill, Jr. CM Murder 10-03-69 Leon
BRYANT, Bobby CM Murder 5-27-69 Dade
CAMPBELL, Calvin Carlos WM Murder 5-11-66 Union
CARSWELL, Henry J. CM Murder 12-28-61 Palm Beach
CHATMAN, James S. CM Murder 1-20-66 Lake
CIRACK, Charles Alexander WM Murder 3-28-66 Volusia
CLOWERS, Joe Nathan CM Murder 10-17-69 Dade
COLLINS, James E. CM Rape 10-20-64 Duval
CRAIG, William Benjamin CM Rape 6-27-63 Leon
DALTON, Charles O., Jr. WM Murder 4-18-66 Indian River
DRUMWRIGHT, Jimmie Lee CM Rape 8-23-65 Seminole
FIELDS, Bobby CM Rape 12-16-70 Marion
GILLEY, Israel CM Rape 8-23-65 Seminole
ARRINGTON, Marie CF Murder 12-6-68 Hernando
GRANT, Daniel CM Murder 12-19-61 Dade
GRIMES, Nathaniel, Jr. CM Murder 10-03-69 Leon
HARDIE, Jackie CM Murder 7-02-71 St. Johns
HAWKINS, Charles C. CM Murder 3-13-66 Marion
HENNINGER, John WM Murder 5-16-69 Dade
HOLSTON, Leon C. CM Murder 9-29-66 Broward
JOHNSON, Cleveland Lee CM Murder 1-16-70 Pinellas
LAND, James Matthew WM Murder 5-18-62 Duval
LEE, Wilbert CM Murder 3-15-72 Jackson
McCLENDON, Eddie Thomas CM Rape 12-16-65 Palm Beach
NEWMAN, Richard Carter CM Rape 12-16-65 Palm Beach
PARAMORE, Emmett J. CM Murder 3-01-68 Dade
PERKINS, Cecil CM Rape 1-31-68 Gadsden
PITTS, Freddie Lee CM Murder 3-15-72 Jackson
PLEAS, Wallace CM Murder 3-09-65 Leon
PORTEE, Larry CM Rape 10-10-69 Dade
PORTER, Willie CM Murder 5-18-62 Martin
RICHARDSON, James Joseph CM Murder 5-31-68 Lee
RILEY, John WM Murder 4-29-70 Escambia
RIVERS, Willie CM Murder 2-13-68 Alachua
ROBERTS, John Henry CM Murder 7-24-61 Broward
PASCHAL, Albert CM Murder 1-2-70 Duval
SCHNEBLE, Donald Felix WM Murder 12-31-65 Walton
SCHNEIDER, Raymond A. WM Murder 3-16-62 Palm Beach
SIMMONS, Joseph Nathaniel CM Rape 5-08-72 Pinellas
SIMON, Harold CM Murder 10-27-60 Duval
THOMAS, Calvin W. CM Murder 10-27-60 Duval
THOMAS, Ellis, Jr. CM Rape 1-21-63 Highlands
THOMAS, John D. CM Murder 5-16-67 Leon
THOMPSON, Albert Bone CM Rape 4-14-69 Polk
VAN EATON, Richard CM Murder 2-16-67 Pinellas
WASLEY, Richard Lee WM Murder 6-11-69 Pinellas
WHITNEY, Dennis M. WM Murder 6-11-60 Dade
WILLIAMS, Edward CM Murder 2-14-68 Martin
WILLIAMS, John G. WM Rape 10-30-69 Pinellas
WILSON, Fulton Lewis T. CM Murder 9-11-67 Alachua
WILSON, Willie Pinkney CM Murder 9-11-67 Alachua
YOUNG, Willie CM Murder 10-27-60 Duval

[4] The Petitioner asserts that the Attorney General, the several circuit judges, State attorneys, public defenders have all shown great concern and have worked hard and cooperatively to achieve these re-sentencings in a speedy manner, thereby avoiding unnecessary litigation as to the validity of C. 72-118.

Unfortunately, the logistics of moving this number of convicted men from their central location on Death Row, scheduling hearings, locating counsel, etc., have stymied the best of motives and efforts of the judges and law enforcement officers and prison officials of this state. As of this date, an unidentifiable number of men have, in fact, been re-sentenced; but an unknown number of men have not yet left prison, and there is no information as yet available as to the fate of the balance of persons.
Moreover, thirteen persons convicted of rape, whose death sentences were vacated by the Supreme Court of Florida in Anderson, supra, have not even as yet been moved from prison to the respective circuit courts for re-sentencing. Our experience indicates grave doubts that they can be re-sentenced before October 1, 1972, since they will be adding to the problems of the courts and law enforcement officers who have not as yet re-sentenced all of the fifty-seven men whose sentences were vacated in Adderly.
To allow this burdensome situation to fester into great constitutional litigation when all concerned have worked hard to avoid such a confrontation seems pointless. Moreover, since the Supreme Court of Florida has already acted with dispatch on behalf of a number of these persons, it would be a denial of equal protection of the laws and due process of law to deny similar relief to all persons whose death sentences have been vacated, but who have not yet been re-sentenced to a term of years or life imprisonment, as the case may be.
He asserts further a different reason for his own inability to be re-sentenced  namely his post-sentence adjudication of insanity.