ALTENBERND, Judge.
John G. Williams appeals an order denying his motion seeking belated postconviction relief based upon allegations that he retained counsel to file a timely motion but that counsel failed to do so. See Fla. R.Crim. P. 3.850(b)(3). We affirm.
In two separate cases, Mr. Williams was convicted of first-degree murder and rape. Mr. Williams was sentenced to life imprisonment for the murder. For the rape, however, which occurred in 1969, Mr. Williams was sentenced to death. Shortly after the judgments and sentences became final in this case, Mr. Williams, with the assistance of his parents, retained an attorney.
Mr. Williams’ belated motion for postconviction relief alleged that the attorney was retained to seek postconviction relief but never did so.[1] At the evidentia-ry hearing on this claim, however, it was undisputed that the attorney was retained generally to do whatever he might deem appropriate to save Mr. Williams from the death penalty — -he was not expressly retained for the purposes of seeking general postconviction relief. Counsel testified at the hearing that based upon these instructions, he explored all available options and decided the best course of action was to pursue clemency, which he did. Although the clemency petition was unsuccessful, Williams was thereafter spared the death penalty pursuant to Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). See In re Baker, 267 So.2d 331, 333 n. 3 (Fla.1972). Based upon this evidence, the postconviction court correctly concluded that Mr. Williams had not established a claim for belated postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850(b)(3) because he had not presented evidence that he or his parents retained counsel specifically for the purposes of filing a postconviction motion, nor that counsel thereafter, through neglect, failed to file such a motion.
On appeal, Mr. Williams complains generally that he now has information, unknown to him when he filed his motion, suggesting that counsel was ineffective in evaluating the options available and pursuing only a one-page petition for clemency. Even if that were the case, however, Mr. Williams would have no claim. Florida courts do not recognize claims for ineffec *528 tive assistance of postconviction counsel. See Waterhouse v. State, 792 So.2d 1176, 1193 (Fla.2001). The order denying belated postconviction relief is therefore affirmed.
Affirmed.
STRINGER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.

. At the time, postconviction relief was available by way of Florida Rule of Criminal Procedure 3.850. See In re Florida Rules of Criminal Procedure, 196 So.2d 124 (Fla.1967).