PERRY, J.,
concurring in part and dissenting in part.
I concur with the entirety of the majority decision except its determination that section 775.082(2), Florida Statutes (2016), is not applicable. See majority op. at 44, 63-66. ■ I therefore disagree with the majority’s decision to remand for a new penalty phase proceeding instead of remanding for imposition of a life sentence. Id. at 44, 65.
There is no compelling reason for this Court not to apply the plain language of section 775.082(2), Florida Statutes, and instead contort all reasoning to apply a sentencing statute that cannot be resuscitated. Because the majority of this Court has determined that Hurst’s death sentence was unconstitutionally imposed, see majority op. at 69, Hurst is entitled to the clear and unambiguous statutory remedy that the Legislature has specified. See § 775.082(2), Fla. Stat. (2016).
The statute’s language is clear and unambiguous:
In the event the death penalty in a capital felony is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court, the court having jurisdiction over a person previously sentenced to death for a capital felony shall cause such person to be brought before the court, and the court shall sentence such person to life imprisonment as provided in subsection (1). No sentence of death shall be reduced as a result of a determination that a method of execution is held to be unconstitutional under the State Constitution or the Constitution of the United States.

Id.

The plain language of the statute does not rely on a specific amendment to the United States Constitution, nor does it refer to a specific decision by this Court or the United States Supreme Court. Further, it does not contemplate that all forms of the death penalty in all cases must be found unconstitutional. Instead, the statute uses singular articles to describe the circumstances by which the statute is to be triggered. Indeed, the statute repeatedly references a singular defendant being brought before a court for sentencing to life imprisonment. “[T]he death penalty in [Hurst’s] capital felony [has been] held to be unconstitutional,” and accordingly, “the court having jurisdiction over [Hurst, who was] previously sentenced to death for a capital felony[,] shall cause [him] to be brought before the court, and the court shall sentence [him] to life imprisonment.” Id. We need conduct no further legal gymnastics to carry out the will of the Legislature. See, e.g., English v. State, 191 So.3d *76 448, 450 (Fla.2016) (“When the statutory-language is clear or unambiguous, this Court need not look behind the statute’s plain language or employ principles of statutory construction to determine legislative intent.”). The sentencing court must impose a life sentence pursuant to section 775.082(2), Florida Statutes.
My reasoning here is supported by no fewer than three former justices of this Court: Rosemary Barkett, Harry Lee An-stead, and Gerald Kogan; a former President of The Florida Bar, Hank Coxe, who also served on this Court’s Innocence Commission; and a former president of The American Bar Association, Talbot D’Alemberte, who chaired Florida’s Constitution Revision Commission and the Judiciary Committee in the Florida House of Representatives during the 1972 session, when the Legislature enacted section 775.082(2), Florida Statutes. See Amended Brief of Amici Curiae Harry Lee Anstead, et al., at 6, Hurst v. State, No. 12-1947 (Fla. May 3, 2016) (“The plain language contained in the first sentence of section 775.082(2) could not offer a clearer command..1..”).
The argument that section 775.082(2), Florida Statutes, applies only if capital punishment were itself unconstitutional and not if the capital punishment procedure in a particular case were invalid is contrary to the text of the statute. Such argument also runs counter to this Court’s actions forty years ago, when the Court vacated death sentences and imposed life sentences in the wake of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), a United States Supreme Court decision invalidating certain death penalty procedures. See id. at 309, 92 S.Ct. 2726 (“The Eighth and Fourteenth Amendments cannot tolerate the infliction of a sentence of death under legal systems that permit this unique penalty to be so wantonly and so freakishly imposed.”); Stewart v. Massachusetts, 408 U.S. 845, 845, 92 S.Ct. 2845, 33 L.Ed.2d 744 (1972). This Court responded, not by ordering new Furman-compliant capital penalty phase proceedings for these death row prisoners, but by vacating existing death sentences and ordering the prisoners sentenced to life in prison. See In re Baker, 267 So.2d 331, 335 (Fla.1972); Anderson v. State, 267 So.2d 8, 10 (Fla.1972). This Court never conceded that capital punishment as a whole was unconstitutional and did not read Furman to hold otherwise. Dixon, 283 So.2d at 6 {“[Furman ] does not abolish capital punishment .... ”); Baker, 267 So.2d at 331 (“[D]eath sentences previously, imposed are void....”) (emphasis added); Anderson, 267 So.2d at 9 (“Although this Court has never declared the death penal ty to be unconstitutional, we nevertheless recognized and followed the concensus determination of the several opinions rendered by the United States Supreme Court in [Furman].”). The Court even expressly noted that section 775.082(2) “was conditioned upon the very holding which has now come to pass by the United States Supreme Court in invalidating the death penalty as now legislated.” Donaldson v. Sack, 265 So.2d 499, 505 (Fla.1972) (emphasis added). Nonetheless, the Court vacated death sentences and imposed life sentences in their place. See Baker, 267 So.2d at 335; Anderson, 267 So.2d at 10. There is absolutely no logical reason for not doing so here. I consequently cannot agree with the majority’s reasoning that the statute was intended as a fail-safe mechanism for when this Court or the United States Supreme Court declared that the death penalty was categorically unconstitutional. See majority op. at 65. This Court should follow its existing precedent and impose a life sentence.