605 So.2d 488 (1992)
STATE of Florida, Appellant,
v.
Kristina BERGER, Gregory Miller, Michael Tucci, James Haisten, Hans Werner Edling and Michael Veilleux, Appellees.
No. 91-02537.
District Court of Appeal of Florida, Second District.
August 26, 1992.
Rehearing Denied October 8, 1992.
*489 Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephan A. Baker, Asst. Atty. Gen., Tampa, for appellant.
F. Michael Mosca of Cheves, DeCiantis & Mosca, P.A., Venice, for appellee Berger.
Donald Simon, Sarasota, for appellees Haisten, Tucci and Miller.
Robert Westheimer, Venice, for appellee Edling.
Robert N. Harrison of Kanetsky, Moore & DeBoer, P.A., Venice, for appellee Veilleux.
RYDER, Acting Chief Judge.
The State of Florida challenges the trial court's granting of appellees' motions in limine excluding breath test results.
The county court for Sarasota County certified the following three questions to this court as involving matters of great public importance:
I. DOES THE COUNTY COURT HAVE SUBJECT MATTER JURISDICTION? LACK OF JURISDICTION ASIDE, MUST THE APPELLEES SEEK ADMINISTRATIVE RELIEF PRIOR TO OBTAINING JUDICIAL DETERMINATION OF THEIR CLAIMS? (Certified question restated).
II. DOES THE FAILURE OF HRS TO PROMULGATE A RULE, AFTER PUBLIC HEARING, WHICH COULD PROVIDE A TEST FOR RELIABILITY AT THE MONTHLY AND ANNUAL INSPECTIONS PRECLUDE THE STATE'S USE OF BREATH TESTING RESULTS IN A CRIMINAL TRIAL?
III. WHEN A DEFENDANT CONSENTS TO AN APPROVED CHEMICAL TEST, BUT IS GIVEN A NONAPPROVED TEST, MAY THE STATE INTRODUCE EVIDENCE OF THE NONAPPROVED TEST BY ESTABLISHING THE TRADITIONAL PREDICATE FOR THE INTRODUCTION INTO EVIDENCE OF SCIENTIFIC EVIDENCE.
We accepted jurisdiction pursuant to Florida Rule of Appellate Procedure 9.160(e)(2). We answer the first part of the first question "yes"; the second part of the first question "no"; the second question "no"; and decline to answer the third question.
These issues arose in connection with the state's prosecution of the appellees for DUI and/or driving with a blood alcohol concentration higher than .10 in violation of section 316.193, Florida Statutes (1991). All of the appellees have taken a breath test on an Intoxilyzer 5000 breath testing instrument. The appellees brought motions in limine based upon the failure of the HRS rules governing breath testing to provide sufficient guidelines addressing the accuracy and reliability of annual and monthly maintenance procedures for the Intoxilyzer 5000 breath tester.
Appellees argued that although rules 10D-42.023 and 10D-42.024 require annual tests for "accuracy and reproducibility" and monthly tests for "accuracy" of breath testing instruments, these standards are to be tested in accordance with procedures outlined in form 1514 which fails to list the procedure to be used for monthly maintenance or the standard for accuracy. Appellees urged that because section 316.1932(1)(f)1. requires HRS to adopt rules and regulations specifying precisely the tests for reliability of result after public hearing, the lack of such rules renders *490 invalid the implied consent to an approved test.
At the hearing on appellees' motions in limine, Bernard Justice, an alcohol breath testing inspector, testified at length concerning the HRS rules and regulations, the initial, annual and monthly inspection procedures and the various forms as they relate to the Intoxilyzer 5000 breath testing apparatus. He testified that the 1982 publicly promulgated form 1514 is "basically identical" to the 1986 form 1514 which was not publicly promulgated. The 1986 form 1514 displays an HRS logo and has six lines for test results; the 1982 form has three lines for results. The additional three lines on the 1986 form are for acetone results. By the use of the 1986 form 1514 in connection with a monthly inspection, the maintenance inspector would exceed the standard of compliance as set forth in the 1982 form 1514. Specifically, the 1986 form 1514 would report at least six rather than three results reported on the 1982 form.
Justice further testified that the initial certification procedures under Florida Administrative Code 10D-42.022 specify at least 175 reproducibility tests of solutions with known alcohol values of .050, .100 and .150, and allows specific systematic error of no more 10% of the .050 concentrations or 5% with respect to the .100 and .150 concentrations. The inspectors complete an additional fifty tests each at solution levels of.200 and .100 plus acetone. They also exceed the reproducibility numbers required by the rule.
Justice and seven other HRS inspectors perform the annual inspections. He uses the same variance as for the initial certifications and checks for reproducibility twenty-five times for the annual inspection. For the monthly test, he directs the monthly maintenance employees to run a .100 and a .200 alcohol wet bath. He tries to review all of the monthly inspection forms, and manages to review most of them. The rules do not specify which levels the inspectors should use for either the monthly or annual checks. He admitted that the rules as promulgated have no requirements at certain levels beyond the initial certification. However, he opined that the fact that the rules do not require a test at a certain level at the monthly or annual inspections would not cause the results to be inaccurate, and that there is nothing scientifically inappropriate about testing at various levels.
The county court found that rules 10D-42.023 and 10D-42.024 failed to provide standards or directions with regard to which the annual and monthly tests are to be performed concerning accuracy and reproducibility. Thus, the court held that the tests performed did not comply with section 316.1932 and were, therefore, inadmissible in evidence.
As to the first part of the first certified question concerning subject matter jurisdiction, we find that it must be answered affirmatively. The first district, relying on State v. Reisner, 584 So.2d 141 (Fla. 5th DCA), review denied, 591 So.2d 184 (Fla. 1991), held that the county court properly asserted jurisdiction where the state challenged the county court's subject matter jurisdiction to suppress blood alcohol test evidence solely on the basis of its finding that HRS had adopted no rules and regulations for the method of administration of the blood alcohol test. State v. Burke, 599 So.2d 1339 (Fla. 1st DCA 1992).
Every court has inherent powers to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction, subject to, or not in conflict with valid existing laws and constitutional provisions. Anderson v. State, 267 So.2d 8, 10 (Fla. 1972). The county court's jurisdiction over criminal traffic cases vests it with authority to make all rulings as to the admissibility of evidence.
Moreover, a requirement in a criminal case that the defendant challenge administratively the validity of administrative rules would impinge on his right to a speedy trial and contravene the goals of good judicial policy.
For these reasons, we adopt the reasoning of the Reisner and Burke decisions and hold that the county court had subject matter jurisdiction to consider the validity of the administrative rules in question. Because *491 we do not accept the state's argument that an administrative proceeding is required for a direct attack on administrative rules in the context of a DUI criminal case, the exhaustion of administrative remedies is obviously not required. Thus, we respond negatively to the second part of the first question.
Turning to the second certified question, we determine that HRS' failure to promulgate a rule to provide a test for reliability at the monthly and annual inspections does not preclude the state's use of breath testing results in a criminal trial. The statutory language of section 316.1932(1)(f)1., Florida Statutes (1991), very clearly requires that the rules and regulations precisely specify the test or tests and that they be adopted after public hearing.
Since our consideration of this case, the fourth district has issued State v. Rochelle, 1992 WL 171115, 17 F.L.W. D1756 (Fla. 4th DCA July 22, 1992). There, like in our case, an expert testified that the two forms are very minor in their differences. One difference in the 1986 form as noted in Rochelle, is the machine's ability to distinguish acetone from grain alcohol. As the expert in our case testified, acetone will affect the reading one would obtain using infrared technology, but that this machine will detect it and not read it as alcohol.
We agree with the fourth district that these changes are insubstantial and do not affect the reliability of the tests. This case varies from the Reisner case because, as the fourth district pointed out in Rochelle, there was no expert testimony at all to consider in Reisner. Thus, we conclude, as did the fourth district and Pinellas County Judge David A. Demers[1] that the entire administrative scheme sufficiently ensures the reliability of results even though it does not set forth specific standards with reference to monthly and annual inspections. Thus, we hold that the trial court erred in suppressing the breath test results in the instant case.
We decline to answer the third certified question concerning the permissibility of the state's use of the traditional predicate for the introduction into evidence of scientific evidence because answering the first and second certified questions is sufficient for disposal of this case. Also, the record is inadequate to make this determination. The record on appeal does not show that the state made any attempt to establish a traditional predicate. But, subsequent to the briefing of this case, the supreme court issued the opinion, Robertson v. State, 604 So.2d 783, (Fla. 1992), which addresses this issue.
We certify these questions to be of great public importance, especially in light of this decision's possible conflict with the fifth district's Reisner decision and because of the obvious growing number of litigants on these questions statewide. We therefore certify the following questions to the supreme court:
I. DOES THE COUNTY COURT HAVE SUBJECT MATTER JURISDICTION? MUST THE APPELLEES SEEK ADMINISTRATIVE RELIEF PRIOR TO OBTAINING JUDICIAL DETERMINATION OF THEIR CLAIMS?
II. DOES THE FAILURE OF HRS TO PROMULGATE A RULE, AFTER PUBLIC HEARING, WHICH COULD PROVIDE A TEST FOR RELIABILITY AT THE MONTHLY AND ANNUAL INSPECTIONS PRECLUDE THE STATE'S USE OF BREATH TESTING RESULTS IN A CRIMINAL TRIAL?
III. WHEN A DEFENDANT CONSENTS TO AN APPROVED CHEMICAL TEST, BUT IS GIVEN A NONAPPROVED TEST, MAY THE STATE INTRODUCE EVIDENCE OF THE NONAPPROVED TEST BY ESTABLISHING THE TRADITIONAL PREDICATE FOR THE INTRODUCTION INTO EVIDENCE OF SCIENTIFIC EVIDENCE?
Reversed.
SCHOONOVER and PATTERSON, JJ., concur.
NOTES
[1] We found very helpful Judge Demers' excellently written and well-reasoned analysis in State v. Westerberg, 16 F.L.W. C149 (Fla. Pinellas Cty.Ct. July 19, 1991).