630 So.2d 1129 (1993)
STATE of Florida, Appellant,
v.
Lawrence B. FOLSOM, Domingo Aguirre, Delbert Baker, Gary C. Bass, Kenneth S. Bielen, Berneta Bollard, Clifford Earl Boyte, Daryl Braddy, Kirk David Brown, Darling D. Buffington, Royce Wendell Bullington, Thomas David Burns, Noe Carmona, Gerald W. Chasteen, James D. Combee, Robbie Cottrell, Mark Devlin, Michael Dewitt, Hershell Dial, Santiago Carbajal Diaz, Robert V. Dinsdale, Milton K. Dooley, Howard Ashton Drawdy, John D. Dunnegan, William Glenn Eggleston, Thomas Englert, Edna Jean Forbus, Eric Glenn Franz, Donald G. Gehr, Tonia Lee Graham, David Gray, Eugene P. Greenwalt, Dennis Albert Gutschlag, Emil I. Haas, Larry Hadden, Charles David Hale, Walter H. Harkala, William Alexander Henry, Jr., Ronald Adrian Hernandez, Gerald Leon Higgs, Sheila J. Holloway, Douglas Lee Holmes, Edward Jerome Horehlad, Scott C. Houghtaling, Malisa Ann Hughes, Phyllis K. Jenkins, Rebecca J. King, Ricky Lynn King, Robert D. Kitchell, Sharon Klins, Juanita Krepela, Anthony T. Lafreniere, Robert Leonard, Eleosipo Lopez, William Shane Lyle, William E. McCarroll, John E. McNally, Michael D. Maroschak, Carl Travis Martin, Juan M. Mejia, Robert R. Meyers, Robert R. Meyers, Brian J. Neeson, Harvey L. Patton, Glen Peters, Eric D. Pharnes, Robert M. Rainer, Richard Ratton, Robert Pitts Ryan, George T. Sakellos, James R. Scott, Sharon Lee Smart, Roy Lee Smith, Daniel M. Speir, Catherine M. Swallows, Carl Kevin Teslow, Clifford Brace Thomasset, Courtney E. Toole, Merele Travis, Bobbie A. Victory, William J. Vollmar, and Everett Stanton Walden, Appellees.
State of Florida, Appellant,
v.
Peter CARACAUS, Archie E. Griffis, Wayne Hoskins, Edwin Stiffler, and Rafael Velez, Appellees.
STATE of Florida, Appellant,
v.
David Leroy MILLER, William Sanford Wallace, and James Edward Anderson, Appellees.
Nos. 91-02817, 91-03021 and 91-03420.
District Court of Appeal of Florida, Second District.
July 23, 1993.
Rehearing Denied August 25, 1993.
*1130 Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, Bartow, and D.P. Chanco, Asst. Public Defender, Bartow, for appellees.
PARKER, Judge.
The State of Florida challenges orders of the county court of Polk County which granted motions to suppress and in limine excluding alcohol breath test results from evidence in several cases involving the prosecution for driving under the influence. We have consolidated these three appeals which involve ninety defendants. We reverse, concluding that the rules and methods relating to maintaining and testing the equipment used to determine breath alcohol content are not void for vagueness and substantially comply with the statute which governs breath tests. We further conclude that the county court had subject matter jurisdiction over the challenge to these rules.
In June 1991 the county court in Polk County entered an administrative order which consolidated for motion purposes only all cases which had motions challenging the statutes and rules relating to alcohol breath testing. On August 15, 1991, the court entered an order denying the motions but then became aware of the Fifth District's opinion in State v. Reisner, 584 So.2d 141 (Fla. 5th DCA), review denied, 591 So.2d 184 (Fla. 1991) which affirmed a county court's exclusion of alcohol breath test results. The county court then entered supplemental orders which disagreed with Reisner but followed that decision and excluded the evidence because it found that no other district court in Florida had ruled on the issue. The county court also certified the following questions to this court:
I. ARE FLORIDA ADMINISTRATIVE CODE RULES 10D-42.023[1] and 10D-42.024[2] [AS THEY EXISTED PRIOR TO AUGUST 1, 1991] VOID FOR VAGUENESS, AND IF SO, DOES THIS PRECLUDE THE STATE'S USE OF BREATH TESTING RESULTS IN A CRIMINAL TRIAL?
II. DO THE CURRENT METHODS OF HRS'S MONTHLY AND YEARLY MAINTENANCE ACCURACY CHECKS COMPLY WITH THE REQUIREMENTS OF SECTION 316.1932(1)(f)1, FLORIDA STATUTES,[3] AND IF NOT, DOES THIS PRECLUDE THE STATE'S *1131 USE OF BREATH TESTING RESULTS IN A CRIMINAL TRIAL?
III. MAY THE DEFENDANT RAISE THESE ISSUES IN THE CONTEXT OF A CRIMINAL PROSECUTION IN THE COUNTY COURT?
We answer the first certified question in the negative. We answer the second and third certified questions in the affirmative.
Since the briefs were filed in these appeals, this court decided the case of State v. Berger, 605 So.2d 488 (Fla. 2d DCA 1992). Berger, a case very similar to the instant matter, involved six defendants from Sarasota County. The state presented the testimony of an alcohol breath testing inspector who testified regarding the rules and procedures on breath testing. The Berger court disagreed with Reisner and held that the rules regulating alcohol breath testing and the procedures used sufficiently ensured the reliability of the tests.[4] The Berger court also held that the county court had subject matter jurisdiction over the challenge to the rules. Although the certified questions in Berger are somewhat different than the certified questions in the instant appeals, we conclude that the Berger opinion addressed all of the issues raised in this appeal. We, therefore, reverse the trial court's orders which granted the motions to suppress and in limine and remand for further proceedings consistent with this opinion. We further certify to the supreme court the questions set out earlier in this opinion.[5]
Reversed and remanded.
DANAHY, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Florida Administrative Code Rule 10D-42.023 provides:

All chemical breath test instruments used for breath testing under the provisions of Chapters 316, 322 and 327, Florida Statutes, shall be previously checked, approved for proper calibration and performance, and registered by authorized personnel of the Department, by trade name, model number, serial number and location, on forms provided by the Department. All such chemical test instruments registered hereunder shall be checked at least once every calendar year (January 1 through December 31) for accuracy and reproducibility by authorized personnel of the Department.
[2] Prior to August 1, 1991, Florida Administrative Code Rule 10D-42.024(1)(c) provided: "Chemical tests, instruments and devices used in the breath test method shall be inspected at least once each calendar month by a technician to ensure general cleanliness, appearance, and accuracy." That rule now can be found in Florida Administrative Code Rule 10D-42.024(1)(b).
[3] Section 316.1932(1)(f)1, Florida Statutes (1989) provides:

The tests determining the weight of alcohol in the defendant's blood shall be administered ... substantially in accordance with rules and regulations which shall have been adopted by the Department of Health and Rehabilitative Services. Such rules and regulations shall be adopted after public hearing, shall specify precisely the test or tests which are approved by the Department of Health and Rehabilitative Services for reliability of result and facility of administration, and shall provide an approved method of administration which shall be followed in all such tests given under this section.
The legislature amended this section in 1991 to include tests determining the weight of alcohol in the breath. Ch. 91-255, § 2, Laws of Florida.
[4] The Fourth District also has held that the rules regulating alcohol breath testing were not void for vagueness in State v. Rochelle, 609 So.2d 613 (Fla. 4th DCA 1992), dismissed sub nom. Comrey v. State, 617 So.2d 318 (Fla. 1993).
[5] We are not certifying conflict with Reisner because, although we are reaching a contrary conclusion, the result in Reisner may be explained by the fact that the state failed to present any evidence to support its position. In Berger and the instant cases the state presented extensive expert testimony regarding the rules relating to breath testing, the periodic inspection procedures, and the forms used when testing the equipment.