635 So.2d 977 (1994)
Michael J. VEILLEUX, Petitioner,
v.
STATE of Florida, Respondent.
No. 80767.
Supreme Court of Florida.
April 21, 1994.
Robert N. Harrison, Kanetsky, Moore & DeBoer, P.A., Venice, for petitioner.
Robert A. Butterworth, Atty. Gen., and Stephen A. Baker, Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
We have for review State v. Berger, 605 So.2d 488 (Fla. 2d DCA 1992),[1] which certified three questions of great public importance:
I. DOES THE COUNTY COURT HAVE SUBJECT MATTER JURISDICTION? MUST THE APPELLEES SEEK ADMINISTRATIVE RELIEF PRIOR TO OBTAINING JUDICIAL DETERMINATION OF THEIR CLAIMS?
II. DOES THE FAILURE OF HRS TO PROMULGATE A RULE, AFTER PUBLIC HEARING, WHICH COULD PROVIDE A TEST FOR RELIABILITY AT THE MONTHLY AND ANNUAL INSPECTIONS PRECLUDE THE STATE'S USE OF BREATH TESTING RESULTS IN A CRIMINAL TRIAL?
III. WHEN A DEFENDANT CONSENTS TO AN APPROVED CHEMICAL TEST, BUT IS GIVEN A NONAPPROVED TEST, MAY THE STATE *978 INTRODUCE EVIDENCE OF THE NONAPPROVED TEST BY ESTABLISHING THE TRADITIONAL PREDICATE FOR THE INTRODUCTION INTO EVIDENCE OF SCIENTIFIC EVIDENCE?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Michael J. Veilleux was arrested for driving under the influence and received a breath test on an Intoxilyzer 5000 machine approved for use under the then-existing statutes and related administrative rules. Some of the inadequacies of the rules were discussed and addressed in our opinion in Mehl v. State, 632 So.2d 593 (Fla. 1993). The county court assumed jurisdiction over this issue when it was raised by Veilleux and suppressed the breath test results. The district court held that the county court had jurisdiction over the suppression hearing but reversed on the substantive issue. Berger, 605 So.2d at 491.
We agree with the district court that the county court had jurisdiction over evidentiary matters related to its jurisdiction over traffic infractions and violations. As the district court noted, a court has inherent power over all matters "reasonably necessary for the administration of justice within the scope of its jurisdiction, subject to, or not in conflict with valid existing laws and constitutional provisions." Id. at 490 (citing Anderson v. State, 267 So.2d 8, 10 (Fla. 1972)). We also agree that it would violate sound public policy and interfere with the right to speedy trial to require a traffic-court defendant to administratively challenge an agency rule before a motion to suppress could be considered. Id. For that reason, we answer the first part of the first certified question in the affirmative, and the second part in the negative.
As to the second issue, we find that the result reached by the district court is essentially in harmony with our opinions in Mehl and Robertson v. State, 604 So.2d 783 (Fla. 1992). Accordingly, we adopt the district court's discussion of this issue below as our own, and answer the second certified question in the negative as qualified by the district court's opinion. We find the third question unnecessary to the disposition of this case and therefore do not address it now. We remand this cause for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs in result only.
NOTES
[1] Veilleux was one of several persons involved in the proceedings below. This review was brought in his name.