267 So.2d 8 (1972)
Earnest Eugene ANDERSON et al., Appellant,
v.
STATE of Florida, Appellee.
No. 42789.
Supreme Court of Florida.
September 8, 1972.
Rehearing Denied October 19, 1972.
*9 Robert L. Shevin, Atty. Gen., Wallace E. Allbritton, Raymond L. Marky, W.E. Whitlock, III, Richard W. Prospect, Donald K. Rudser, Michael M. Corin, A.S. Johnston and George R. Georgieff, Asst. Attys. Gen., for the State.
ADKINS, Justice.
We have for consideration a motion filed by the Attorney General asking this Court to temporarily relinquish jurisdiction and remand 40 cases in which the death penalty was imposed to the respective circuit courts for the imposition of life sentences and thereafter, upon certification and return to this Court, transfer the appeals to the appropriate District Court of Appeal, pursuant to Rule 2.1(5)(d), Florida Appellate Rules, 32 F.S.A. Counsel for the defendants, of course, joined in this motion.
The position of the Attorney General is, that under the authority of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, the death sentence imposed in these cases is illegal. Although a petition for rehearing was filed in the Furman case, a stay order was not issued and the judgment became final 25 days after the date of the decision, subject however, to recall on a rehearing.
Although this Court has never declared the death penalty to be unconstitutional, we nevertheless recognized and followed the concensus determination of the several opinions rendered by the United States Supreme Court in Furman v. Georgia, supra. See Donaldson v. Sack, Fla., 265 So.2d 499.
The United States District Court in United States ex rel. Young v. Wainwright (No. 64-16-Civ-J-S) (Fla.M.D.) entered a judgment vacating and setting aside death sentences imposed upon all persons incarcerated in "Death Row" of the State prison whose cases had terminated. The Federal District Court retained jurisdiction of other defendants whose cases are now in the appellate process in this Court pending "a decision of the Supreme Court of Florida vacating and setting aside the sentences of death" against such persons. We will, of course, follow the decision of the United States Supreme Court.
The Attorney General relies upon Rule 3.800, F.R.Cr.P., 33 F.S.A., which authorizes the Court at any time to correct an illegal sentence imposed by it.
The elimination of the death penalty from the statute prescribing the penalty for murder in the first degree does not destroy the entire statute. The only sentence which could now be imposed upon conviction of the crime of murder in the first degree is life imprisonment. This is an automatic sentence and a reduction from the sentence previously imposed. The Court has no discretion.
The defendants request that they be re-sentenced at an early time because of the existence of Chapter 72-118 which becomes effective October 1, 1972. This statute requires imposition of a life sentence without parole.
We are aware of the many problems involved, when it is necessary to transport a large number of convicted murderers from the State prison to the trial court for the purpose of sentence. The safety of the law-abiding citizen is a matter of paramount concern to the Court. Also, many hours of manpower would be consumed by law enforcement officers in transporting the prisoners. Some local jail facilities are crowded and inadequate. Since the death sentence has been outlawed, there is a greater possibility of murder for the sake of escape, particularly when the penalty to be imposed for the taking of an additional human life can be no greater than that previously imposed by the Court. The above factors are sufficient to create an exception to Rule 3.180, F.R.Cr.P., requiring the presence of the defendants at sentencing. Their absence deprives them of no rights.
*10 Every court has inherent powers to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction, subject to, or not in conflict with valid existing laws and constitutional provisions. See 5 F.L.P., Courts, § 14, and cases cited.
Under the circumstances of these particular cases, it is our opinion that we should correct the illegal sentences previously imposed without returning the prisoners to the trial court.
The sentences of death imposed on the defendants, Anderson, Earnest Eugene; Barlow, David Edward; Bauldree, John Phillip; Bishop, Sylvan Dale; Boatwright, Kenneth L.; Cobb, Charles Elwood; Coon, Douglas Dwight; Demps, Bennie Eddie; Evans, Lawrence Dean; Forward, James E.; Fowler, Jerry Dwayne; Fussell, James; Guice, Marvin Louis; Hall, Roger L.; Harkelroad, James Wesley; Higgs, Macon, Jr.; Johnson, Richard M., Jr.; Jones, Wayne; Keaton, Dave Roby; Paulk, Roy Carroll; Pressley, Nathaniel; Pye, Benjamin Franklin; Reed, Craig V.; Reed, Gene R.; Resnick, Errol; Vaillancourt, Paul Arthur; and Warrick, Samuel Wade, are vacated and set aside. In lieu and instead thereof, the sentences are corrected to provide that each of the said defendants be imprisoned by confinement in the State prison for the term of his natural life. The Clerk of this Court shall furnish a certified copy of this order to the Clerks of the Circuit Courts in which each of the above-named defendants was convicted. The Clerks of the Circuit Courts shall thereupon issue a commitment in each case based upon this sentence of life imprisonment and shall forward the commitment to the Division of Corrections.
The defendants, Ashford, Willie; Bernovich, Dennis; Blackwell, Thomas Henry; Byrd, Robert Lee; Chaney, Cornelius Lewis; Corriea, Raymond Robert; Gorham, Douglas; Horton, Leslie D.; House, Anthony Wayne; House, Herbert Eugene, Jr.; McDole, James Steddo; Roseman, Andrew James; and Warren, Robert, were convicted of the crime of rape without recommendation of mercy and sentenced to death. These sentences are vacated and set aside.
The above-named defendants convicted of the crime of rape prior to January 1, 1972, may be sentenced to imprisonment for life or for any term of years within the discretion of the Court. See Fla. Stat. (1969) § 794.01, F.S.A. Although it is difficult to surmise a situation where a defendant convicted by a jury without a recommendation of mercy should be entitled to some mercy upon resentencing, such a situation may exist. For that reason it will be necessary for this Court to relinquish jurisdiction solely for the purpose of imposition of an appropriate legal sentence.
After these defendants convicted of rape have been resentenced, such sentence should be made a part of the appeal record in this Court.
At the time the notices of appeal were filed in these cases, this Court had jurisdiction because, at such time, each case was a "capital case." Since our jurisdiction has attached, we should retain jurisdiction for all purposes. We deny the joint motion to transfer these cases to the District Court of Appeal.
In summary, we hold as follows:
1. Because of the great risk involved and the fact that the absence of a death penalty may be an incentive to a convicted murderer to escape or cause bodily harm to a guard while in transit, we hold that under our inherent jurisdiction the automatic life sentence may be imposed by this Court rather than proceed through the ministerial formality of imposition of such an automatic sentence by the trial court.
2. Those convicted of rape without a recommendation of mercy should be returned to the trial court so that a determination may be made as to whether the defendant *11 should be resentenced to a term of years or life imprisonment.
3. Our jurisdiction having attached at the time the notice of appeal was filed in each case, we were not divested of such jurisdiction by the decision of the Supreme Court of the United States in Furman v. Georgia, supra. Having once acquired jurisdiction, we will retain jurisdiction until a final disposition of the cases.
It is so ordered.
ERVIN, Acting C.J., and CARLTON, BOYD and DREW (Retired), JJ., concur.