ON MOTION TO RELINQUISH JURISDICTION ’
SPECTOR, Chief Judge.
Appellants have filed a motion to relinquish jurisdiction of this appeal in a post conviction proceeding to the trial court so that the trial court may impose a life sentence upon them in lieu of the death sentence which had earlier been imposed upon them for murdering Henry Ashton Bragg in Marion County, Florida, by bludgeoning him to death with a drift punch or coke bottle during a gasoline service station robbery.
That judgment was affirmed by the state supreme court at 225 So.2d 321. On June 28, 1971 the United States Supreme Court reversed the death sentences imposed on appellants because said sentences were imposed in violation of the Witherspoon doctrine. Wilson v. Florida, 403 U.S. 947, 91 S.Ct. 2286, 29 L.Ed.2d 858. Therefore by force of the U. S. Supreme Court’s decision, the appellants have not been under the death penalty since June 28, 1971.
Following the Florida Supreme Court’s remand of the case on September 15, 1971 for retrial on the penalty question pursuant to the mandate of the U. S. Supreme Court and before such penalty trial was held, appellants elected to file a post conviction motion challenging the legality of their conviction on the ground that they were denied effective assistance of counsel at their initial trial. That motion to set aside their conviction was denied by the trial court on June 6, 1972 and it is that order of denial that is presently the subject matter of this appeal.
The appellants have still not been sentenced pursuant to their conviction. They are not now under a death sentence. More importantly, they were not under sentences of death on June 29, 1972 when Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, was decided. Similarly, they were not under death sentences when Donaldson v. Sack was decided by the Florida Supreme Court on July 17, 1972, 265 So.2d 499, when Anderson v. State was decided by that court on September 8, 1972, 267 So.2d 8 and lastly appellants were not under death sentences when the broad brush of In re Baker was applied on *167 September 26, 1972, 267 So.2d 331 notwithstanding a statement to the contrary at page 333 of the Baker decision. Nor did the United States District Court, middle district, sub nom. Adderly v. Wainwright vacate these appellants’ death sentences on August 1, 1972 because their death sentences had earlier been vacated by the United States Supreme Court on June 28, 1971, 403 U.S. 947, 91 S.Ct. 2286, 29 L.Ed. 2d 858.
It would be quite simple and perhaps the course of least resistance for this court to grant appellants’ motion and send this case back to the trial court for imposition of life sentences so that appellants can “beat” the effect and operation of Ch. 72-118/ Laws of Florida. But we are not pursuaded that we have the authority to frustrate the legislative intent embodied in Ch. 72-118 which provides for life sentences without parole. The only way that Ch. 72-118'can lawfully be ignored is on constitutional grounds and that question is not before us.
No acceptable reason has been advanced as to why we should even attempt to substitute judicial fiat for a legislative enactment which has not been invalidated by a court of competent jurisdiction. We cannot deal in short cuts. We can only follow the orderly legal processes by which every man’s case is given the same priority as that afforded to all.
Aside from the extreme doubt we entertain about our power to ignore and thus thwart the legislative mandate there is yet another reason we hesitate to resort to questionable short cuts in a headlong rush to assure appellants that they may be considered for parole.
The full processes of the law has been brought to bear on appellants. It was that process that convicted them. The same process set aside the death sentences and now the processes of the law will determine the appropriate penalty to be imposed upon appellants — in due course, and according to law — if his conviction is not set aside.
We see no reason to relinquish jurisdiction of this appeal and deny the motion to do so.
RAWLS and JOHNSON, JJ., concur.