ROBERTS, Chief Justice.
The Circuit Court of the Eighteenth Judicial Circuit has certified the following question to this Court.
“Does a trial court sitting as the sole trier of fact after accepting a plea of guilty to first degree murder and holding an evidentiary hearing on the .issue of the extent of the penalty, have the power to impose the death sentence?”
This question concerning bifurcated trials is moot since at the present time capital punishment may not be imposed. This Court has held that there are currently no capital offenses in the State of Florida. If there is no capital offense, there can he no capital penalty. In Donaldson v. Sack, opinion filed July 17, 1972, 265 So.2d 499, this Court in interpreting Furman v. Georgia, et al., 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 opined as follows:
“We have examined every reasonable avenue to uphold the several statutes and rules insofar as they assert “capital offense,” as we must do under the rule favoring validity unless clearly indicated otherwise. We are unable in the face of existing authorities and logic to find support for the continuance of “capital offense” as heretofore applied. Accordingly, it must fall with the U. S. Supreme Court’s holding against the death penalty as provided under present legislation. Our decision is compelled by that Court’s action.”
Referring to the elimination of the death penalty from the Florida Statutes and determining the meaning of capital offense “following the abolition of the death penalty,” this Court stated in Donaldson, supra, that the punishment for what were formerly capital offenses under Florida Statute 775.082(1), F.S.A., which became effective January 1, 1972, is now life imprisonment.
Most recently, in Anderson, et al., v. State, opinion filed September 8, 1972, 267 So.2d 8, this Court determined that although it had never declared the death penalty to be unconstitutional, we nevertheless recognized and followed the con-census determination of the several opinions rendered by the Supreme Court of the United States in Furman v. Georgia, supra.
It is, therefore, our opinion, and we hold at the present time that the trial judge does not have the power to impose the death sentence.
It is so ordered.
ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.