273 So.2d 385 (1973)
Dave Roby KEATON, Appellant,
v.
STATE of Florida, Appellee.
No. 41231.
Supreme Court of Florida.
February 21, 1973.
Kent Spriggs, Tallahassee, Paul L. Ross, James Reif, Morton Stavis and Margaret Ratner, New York City, for appellant.
Robert L. Shevin, Atty. Gen., William E. Whitlock, III, and Raymond L. Marky, Asst. Attys. Gen., for appellee.
PER CURIAM.
Appellant Keaton and his co-defendant Johnny Frederick (who is not a party to this appeal), were tried jointly before a jury in the Circuit Court in and for Leon County and both were convicted of murder in the first degree. Mercy was not recommended in appellant's case, and he received an automatic sentence of death under the law in effect at that time.[1] Notice of appeal seeking review of the judgment and sentence pursuant to Fla. Const., Article V, § 4(2), F.S.A. has been timely filed in this Court.[2]
Subsequent to appellant's conviction, and while the case sub judice was pending in *386 this Court, co-defendant Frederick filed a motion in the Circuit Court pursuant to Rule 3.850, CPR, 33 F.S.A., seeking vacation of the judgment and sentence against him. As his grounds for relief, Frederick alleged the existence of newly discovered evidence which had been knowingly withheld by the State.
At this point the State made a motion in this Court for temporary relinquishment of appellant's case to the Circuit Court for consolidation with the Frederick's Rule 3.850 motion. Because the issues raised by Frederick were equally applicable to both defendants, and because appellant was in basic agreement with the State's motion, we temporarily relinquished the cause to the Circuit Court "for the purpose of taking testimony, if necessary, and mak[ing] findings of fact and conclusions of law."
A consolidated hearing on Frederick's motion has now been held recommending that a new trial be afforded appellant. In pertinent part, the order of the Circuit Court states:
"FINDINGS OF FACT
"1. Five defendants, Dave Roby Keaton, Johnny Frederick, Alphonso Figgers, Johnny Lee Burns, and David Charles Smith, Jr., were indicted on January 28, 1971, by the Grand Jury of Leon County on a charge of murder in the first degree for the September 18, 1970, killing of Leon County Deputy Sheriff Khomas Revels. A severance was granted as to the other three defendants and Keaton and Frederick were tried jointly. On May 6, 1971, both were found guilty by jury with a recommendation of mercy as to Frederick. On May 11, 1971, Keaton was sentenced to death in the electric chair and Frederick was sentenced to life imprisonment.
"As to the remaining three co-defendants, Johnny Lee Burns was found incompetent, did not stand trial, and was committed to the State Hospital. The case against Alphonso Figgers was nolle prossed by the State for insufficient evidence. David Charles Smith, Jr., was tried by jury and acquitted. These five defendants came to be known as `the Quincy Five.'
"2. Subsequent to the trial of Keaton and Frederick but prior to the trial of Smith, the Grand Jury of Leon County indicted three additional defendants for murder in the first degree of Deputy Sheriff Khomas Revels  John Allen Mitchell, James Fussell, and Jessie Henry Damon. They came to be known as `the Jacksonville Three.' Damon was tried by jury and on December 16, 1971, was found guilty with a recommendation of mercy. Mitchell was tried by jury and was found guilty with a recommendation of mercy on January 14, 1972. Fussell was tried by jury and on April 7, 1972, was found guilty without recommendation. Damon and Mitchell were sentenced to life imprisonment and Fussell to death in the electric chair. Smith, one of `the Quincy Five,' was subsequently tried by jury and found not guilty, as previously stated, on May 27, 1972.
"3. Keaton and Frederick were tried and convicted prior to any knowledge by the State of `the Jacksonville Three.' Thus, there was no evidence presented in their trial to show the strong case which the State had against `the Jacksonville Three,' and which tended to be exculpatory as to `the Quincy Five.' This evidence was presented by the defense in the trial of "Quincy Five" defendant, Smith, and the jury there had before it the newly discovered evidence from which they could have concluded that `the Jacksonville Three' were the sole perpetrators of the murder. While the State's case against Keaton and Frederick was stronger than that against Smith, the newly discovered evidence could be susceptible of the same conclusion by a jury in a new trial of Keaton and Frederick as in the trial of Smith. *387 (The State presented eyewitness identification of all three but had alleged confessions of only Keaton and Frederick.)
"4. The alleged confessions of Keaton and Fredrick implicated Burns, Smith and Figgers but did not in any way mention or implicate any of `the Jacksonville Three.' No fingerprints of any of `the Quincy Five' were found anywhere on the premises. As to `the Jacksonville Three,' there was eyewitness identification of Fussell and an alleged confession by Fussell which implicated Mitchell and Damon but in no way mentioned or implicated any of `the Quincy Five.' Fussell allegedly stated in his alleged confession that only three persons were involved in the robbery. Fingerprints of each of `the Jacksonville Three' were found at the scene on articles in the store (the scene of the crime) handled in the robbery.
"5. Evidence connecting `the Jacksonville Three' with this murder was initially discovered by an investigator for the court appointed attorney for `Quincy Five' defendants, Smith and Figgers, after Keaton and Frederick had been convicted. The information was passed by them to the Sheriff and the State Attorney and further investigation by the Sheriff and State Attorney resulted in the indictment of `the Jacksonville Three.' Defendants, Keaton and Frederick, could not, with reasonable diligence, have discovered and produced upon their trial the new and material evidence.
"6. A more detailed discussion of the evidence presented on this motion and the making of additional findings in relation thereto could prejudice a fair trial of these cases by jury if a new trial is granted... .
"CONCLUSIONS OF LAW
"A new trial should be granted Dave Roby Keaton on account of the aforesaid newly discovered material evidence in order that he may be afforded a fair trial under the Constitutions of the United States and the State of Florida. He should have the opportunity to present this newly discovered evidence to a jury for its consideration on the question of his guilt or innocence as did his co-defendant, David Charles Smith, Jr., who was acquitted."
We are in agreement with the Circuit Court that a new trial is warranted under the circumstances, and we hereby adopt the recommendation of the Circuit Court that appellant be afforded a new trial. Accordingly, the judgment and sentence against appellant Keaton is reversed and the cause is remanded to the Circuit Court in and for Leon County for new trial.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, McCAIN and DEKLE, JJ., concur.
NOTES
[1] Fla. Stat. § 919.23(2); Fla. Stat. § 782.04(1), F.S.A.
[2] At the time Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), was decided by the U.S. Supreme Court, appellant was under sentence of death in Florida. Subsequently, and under authority of Furman this Court in Anderson v. State, 267 So.2d 8 (Fla. 1972) reduced appellant's sentence from death to life imprisonment. We held in Anderson that reduction of sentence did not divest this Court of jurisdiction over capital appeals pending at the time Furman was decided.