BOYD, Judge.
This cause is before us on petition for writ of habeas corpus, or, in the alternative, a constitutional writ. We treated the matter as a petition for writ of mandamus. We issued the alternative writ to the Honorable Ernest E. Mason, Circuit Judge of the First Judicial Circuit, in and for Es-cambia County, the trial court judge, and he has promptly filed his return thereto.
Petitioner seeks a writ of mandamus, compelling Judge Mason to conduct a hearing, in Petitioner’s presence, for mitigation of sentence pursuant to our decision in In re Baker,[1] and Rule 3.780, Florida Rules of Criminal Procedure, 33 F.S.A.[2]
Petitioner and a co-defendant were tried and convicted of a rape which occurred on *36 August 10, 1971. The jury returned a verdict of guilty, without recommendation of mercy, and both defendants were sentenced to death. Subsequent to Petitioner’s conviction and sentence, this Court, in Baker, declared the death sentence previously imposed upon Petitioner void on the authority of the Supreme Court of the United States decision in Furman v. Georgia.[3] Subsequent to the decisions in Furman and Donaldson, but prior to our decision in Baker, Judge Mason, upon his own motion, and without Petitioner’s presence, vacated Petitioner’s sentence of death, and resentenced him to life imprisonment. After his resen-tencing, Petitioner filed four separate petitions in seriatim, each, in effect, requesting a hearing on mitigation of sentence in his presence. All four petitions were denied by Judge Mason on grounds similar to those relied upon in his return.
In Baker, we said:
“All of the members of the class of persons under sentence of death who have been convicted of rape are hereby sentenced to life imprisonment. The cases of these persons, however, are remanded to their respective circuit courts for the sole purpose of further consideration of this sentence, and each of such persons may, within 90 days from this date, file a motion with the trial court for mitigation of sentence. If such a motion is filed by any person, a hearing thereon may thereafter be held under F.R.P. Rule 3.780 to determine first the date of the crime for which the defendant stands convicted. If committed after January 1, 1972, the life sentence shall not be mitigated. See Anderson v. State, supra. If committed prior to January 1, 1972, the Court may conduct a hearing under Rule 3.780, F.R.P., for the purpose of inquiring into all factors relevant to sentencing and shall then resentence such person to a term of life imprisonment or a term of years, in the discretion of the court. The defendant has the right to be present at any such hearing and the right to retain counsel, or have counsel appointed if indigent. These rights may be waived in writing by a defendant.”[4]
The return has properly noted that, in Baker, this Court reduced Petitioner’s sentence to life imprisonment, and remanded his case to the Circuit Court of Escambia County, holding that the Judge “may” conduct a hearing, for the purpose of further reconsideration of sentence according to Rule 3.780. The return has additionally noted the Judge’s grounds for denial of such a hearing, to-wit: Petitioner’s failure to allege, and the Judge’s lack of knowledge of, mitigating circumstances entitling Petitioner to further reduction of sentence; the security risk in transporting Petitioner to the hearing; Petitioner’s prior conviction for rape and sentence to life imprisonment; and, acts of perversion committed during the instant rape.
Our careful analysis of the petition, the return, and the record, in light of the discretionary language of In re Baker, supra, sustains the view that, faced with the facts and circumstances of the instant case, the Judge’s determination, not to hold an additional Rule 3.780 hearing in the presence of the defendant, was correct.
Accordingly, the peremptory writ of mandamus should not issue, and the alternative writ of mandamus should be, and hereby is, discharged.
It is so ordered.
ADKINS, C. J., and ROBERTS, Mc-CAIN, DEKLE and CARLTON (Retired), JJ., concur.
ERVIN, J., dissents with opinion.

. 267 So.2d 331 (Fla.1972).

. Said Buie provides: “When the court has discretion as to the penalty to be inflicted on the defendant, it shall, upon the suggestion of either party that there are circumstances which may properly be taken into consideration, hear evidence as to the same summarily in open court, either immediately or at a specified time and upon such notice to the adverse party as the court may direct; or the court may inquire into such circumstances on its own motion.”

. 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). See Anderson v. State, 267 So.2d 8 (Fla.1972); Donaldson v. Sack, 265 So.2d 499 (Fla.1972).

. 267 So.2d at 335 (Emphasis supplied.)