PER CURIAM.
In this appeal, Anthony Migliore challenges the public defender fee he was assessed after he pleaded to numerous felony counts. During the pendency of this appeal, Migliore filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court, in its order granting the motion in part and denying it in part, recognized that it had failed to inform Migliore of his right to a hearing to contest the amount of fees but denied him relief on this point because of the “time constraints inherent in a 3.800(b)(2) motion.” The trial court also rejected Migliore’s contention that the trial court had failed to determine the value of the public defender’s services. Concluding that the trial court erroneously denied relief on Migliore’s challenge to the public defender fee in both respects, we affirm the convictions and sentences except in the imposition of the public defender’s fee.
At the sentencing hearing, the trial court had told Migliore that court costs and attorney’s fees would be through the court’s financial recovery procedure but failed to state the amount of the fee or to advise Migliore of his right to a hearing to contest that amount, as required by section 938.29(5), Florida Statutes (2004) and Florida Rule of Criminal Procedure 3.720(d)(1). See Gilchrist v. State, 674 So.2d 847 (Fla. 2d DCA 1996); Kirby v. State, 658 So.2d 1232 (Fla. 1st DCA 1995). We therefore reverse the imposition of the public defender fee and remand for reconsideration of the fee in accordance with the statutory and rule requirements. The judgment and sentence are affirmed in all other respects.
*755 Affirmed in part, reversed in part and remanded with directions.
FULMER, C.J., and NORTHCUTT and CASANUEVA, JJ„ Concur.