954 So.2d 747 (2007)
Cleo LECROY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-403.
District Court of Appeal of Florida, Fourth District.
May 2, 2007.
Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
WARNER, J.
We grant the motion for rehearing, withdraw our previously issued opinion and substitute the following in its place.
Appellant challenges his sentence, entered after remand from the supreme court. Lecroy v. State, 911 So.2d 98 (Fla. 2005). He was not represented by counsel at the sentencing proceeding and contends that this was a violation of his constitutional rights. We affirm the order of resentencing, as the entry of the sentence by the circuit court in conformance with the requirements of the supreme court was a ministerial act for which the presence of the defendant was not required. See Dougherty v. State, 785 So.2d 1221, 1223 (Fla. 4th DCA 2001) ("The imposition of a sentence is a crucial stage at which the defendant is entitled to be present. An exception is made in resentencing cases where all that is required on remand is a *748 ministerial act of sentence correction.") (citations omitted).
The order of the supreme court specified the exact sentence to be imposed (life imprisonment without the possibility of parole for twenty-five years). The circuit court had no jurisdiction to vary from that mandate. Thus, this case is akin to those cases where the appellate court remands for the trial court to conform the written sentence to its oral pronouncement. See, e.g., Frost v. State, 769 So.2d 443 (Fla. 1st DCA 2000).
The supreme court came to the same conclusion in Huckaby v. State, 343 So.2d 29, 34 (Fla.1977). In reversing a death sentence, the court said:
The sentence of death is vacated, however, and this case is remanded to the circuit court with directions to enter a sentence of life imprisonment on the sixth count. For the reason expressed in Anderson v. State, 267 So.2d 8 (Fla. 1972), it is not necessary to return Huckaby to the trial court for resentencing.
In this case, the trial court simply conformed the sentence to the pronouncement of the supreme court. Because it had no jurisdiction to do otherwise, it performed a ministerial act.
GUNTHER, J., concurs.
FARMER, J., dissents with opinion.
FARMER, J., dissenting.
Defendant, a juvenile, was sentenced to death for capital murder. When his death sentence was later rendered illegal,[1] the Florida Supreme Court entered an unpublished order saying:
In light of the United State's Supreme Court decision in Roper v. Simmons, [543 U.S. 551] 125 S.Ct. 1183 [161 L.Ed.2d 1] (2005), holding the death penalty unconstitutional for individuals who were under eighteen years of age at the time of their capital crimes, this Court vacates the death sentence in this case. The case is remanded to the circuit court for imposition of a sentence of life imprisonment without the possibility of parole for twenty-five years, in accordance with section 775.082(1), Florida Statutes (1979).
On remand, defendant moved for the appointment of counsel for resentencing. The trial court denied the motion and without holding a hearingentered an order in chambers amending the sentence to life imprisonment without the possibility of parole. Defendant appeals, arguing that he was entitled to counsel and a formal sentencing hearing.
In affirming, the majority are persuaded by Anderson v. State, 267 So.2d 8 (Fla. 1972), that no counsel and no hearing were requiredthat the court was merely carrying out a ministerial command of the supreme court. Actually, I think Anderson makes out a stronger case for the necessity of counsel and a hearing for resentencing ordered here.
In Anderson, the supreme court was facing the necessity of resentencing every prisoner on Florida's death row to life imprisonment after the invalidation of all death penalties in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). The resentencing of all death inmates created a significant problem, which the court explained thus:
"We are aware of the many problems involved, when it is necessary to transport a large number of convicted murderers from the State prison to the trial court for the purpose of sentence. The safety of the law-abiding citizen is a matter of paramount concern to the *749 Court. Also, many hours of manpower would be consumed by law enforcement officers in transporting the prisoners. Some local jail facilities are crowded and inadequate. Since the death sentence has been outlawed, there is a greater possibility of murder for the sake of escape, particularly when the penalty to be imposed for the taking of an additional human life can be no greater than that previously imposed by the Court. The above factors are sufficient to create an exception to Rule 3.180, F.R.Cr. P., requiring the presence of the defendants at sentencing. Their absence deprives them of no rights."
267 So.2d at 9. The court concluded: "Under the circumstances of these particular cases, it is our opinion that we should correct the illegal sentences previously imposed without returning the prisoners to the trial court." [e.s.] 267 So.2d at 10. It is clear from the introductory adverbial phrase of the last sentence that the court was not announcing any universal dispensation from the formalities of pronouncing a sentence whenever the exact sentence prescribed in a resentencing is fixed by law and the sentencing judge has no discretion to deviate.
Let me therefore resort to a blatant (but not fallacious) argumentum ad verecundiam to support my conclusion. In Gardner v. Florida, 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), the Court made the following sweeping policy clear:
"it is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause. Even though the defendant has no substantive right to a particular sentence within the range authorized by statute, the sentencing is a critical stage of the criminal proceeding at which he is entitled to the effective assistance of counsel. The defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process." [e.s., c.o.]
430 U.S. at 358, 97 S.Ct. 1197. Yes, I know Gardner is a death penalty case, but then so was this one. I fail to understand why the removal of the possibility of death changes the structure of sentencing. The logic of the majority's position would yield the conclusion that any time the death penalty cannot be imposed for a first-degree murder conviction, and a life sentence without parole is the only available sentence, there is categorically no need for a formal sentencing proceeding or the presence of counsel. I can find no authority for this denial of counsel and fundamental due process. I think it amounts to a structural defect requiring no more justification than the constitutional imperative of the effective assistance of counsel.
I would therefore require the appointment of counsel and a formal sentencing hearing for the pronouncement of the required sentence. As I understand the defendant's argument, he should still be free to argue that the newly imposed life sentence should not be made consecutive to other sentences imposed with the original sentence.
NOTES
[1] Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).