PER CURIAM.
Joshua Elijah Smith appeals following the revocation of his probation and sentencing in case numbers 562007CF001840A and 562007CF2088A. Appellate counsel has filed an Anders brief pointing out two minor sentencing errors regarding the public defender’s fees and application fees *647 imposed. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
At sentencing, appellant agreed that a $500 public defender fee and a $40 fee for the application for a public defender on each case was acceptable. The court orally imposed a $500 public defender fee and a $40 application fee for each case. The written judgment in 562007CF001840A included the correct fee amounts, but the written judgment in 562007CF2088A, erroneously listed the public defender lien as $1,000 and the application fee as $80, double the amounts the court announced. In response to a rule 3.800(b)(2) motion and on appeal, the state agrees that this was error and that the written judgment should reflect the court’s pronouncement.
Appellate counsel also pointed out that Smith was not informed of his right to a hearing to contest the amount of fees. § 938.29(5), Fla. Stat. (2007); Fla. R.Crim. P. 3.720(d). The state agrees that appellant should have an opportunity to file a written objection to the fees, and if an objection is filed, the trial court should hold a hearing on this issue; if no written objection is filed, the court may reimpose the fees without a hearing. McGee v. State, 963 So.2d 931, 932 (Fla. 2d DCA 2007); see also Jerry v. State, 955 So.2d 668 (Fla. 4th DCA 2007); Pride v. State, 944 So.2d 1243 (Fla. 1st DCA 2006).
Accordingly, appellate counsel’s motion to withdraw is granted, and the public defender’s fees are stricken. On remand, if Smith files a written objection to the amount of the fees within thirty days of this court’s mandate, the trial court shall hold a hearing. See Hayes v. State, 957 So.2d 97 (Fla. 2d DCA 2007). If no written objections are filed, the court may reimpose the $500 lien and the $40 application fee for each case as pronounced at the sentencing hearing. The revocation of probation and sentences are otherwise affirmed.
STEVENSON, HAZOURI and MAY, JJ., concur.