CIKLIN, J.
In this opinion, we address whether the trial court followed the proper procedure tor assessing certain public defender fees. The trial court imposed various fees against Marvin Dabel at the conclusion of his criminal case without first providing notice of the intent to impose these fees. We find that the trial court improperly assessed a discretionary public defender attorney’s fee without first providing Da-bel notice. On the other hand, we find that the public defender application fee was statutorily mandated and therefore no notice was required before it could be imposed.
Dabel was convicted of driving while license suspended or revoked as a habitual offender and sentenced to a year and a day in prison. Additionally, Dabel was assessed $300 in public defender attorney’s fees, $50 for a public defender application fee, and $100 for costs of prosecution.[1] Dabel filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), challenging the validity of the two fees imposed because the trial court did not provide Dabel with notice before assessing these fees. The trial court took longer than sixty days to issue an order on the motion to correct sentence, which operated as a de facto denial of the motion. See Fla. R.Crim. P. 3.800(b)(1)(B), 3.800(b)(2)(B); Brooks v. State, 867 So.2d 1276, 1276 (Fla. 4th DCA 2004) (finding that a trial court’s failure to rule within sixty days on a motion to correct sentence under 3.800(b) operates as a denial of the motion). Dabel appeals the trial court’s de facto denial of his motion to correct sentencing error and argues that the public defender attorney’s fees ($300) and the public defender application fee ($50) should be reversed.
Both section 938.29(5), Florida Statutes (2007), and Florida Rule of Criminal Procedure 3.720(d)(1) required that a
*875 defendant receive notice before a trial court can impose public defender attorney’s fees.[2] Because Dabel did not receive notice of the trial court’s intent to impose public defender attorney’s fees, we strike this $300 fee.
Dabel’s $50 public defender application fee, however, falls under a different statute, section 27.52(l)(b), which states, “An applicant shall pay a $50 application fee to the clerk for each application for court-appointed counsel.” § 27.52(l)(b), Fla. Stat. (2008) (emphasis added). Because this application fee is clearly mandatory and not within the trial court’s discretion, no notice was necessary; the statute itself provides notice that any applicant for court-appointed counsel is required to pay $50. See State v. Beasley, 580 So.2d 139, 142 (Fla.1991) (holding that a defendant receives constructive notice of the imposition of statutorily mandated fees by virtue of them being published in the Laws of Florida or the Florida Statutes); Finkelstein v. State, 944 So.2d 1226, 1227 (Fla. 4th DCA 2006) (“Statutorily mandated costs may be imposed without notice to the defendant.”). Therefore, the $50 public defender application fee the trial court assessed against Dabel is affirmed.
In Smith v. State, 7 So.3d 646 (Fla. 4th DCA 2009), this court addressed the requirement that the defendant be informed of his right to contest the amount of the public defender attorney’s fees being assessed against him. While clearly addressing public defender attorney’s fees under section 938.29(5) and Florida Rule of Criminal Procedure 3.720(d), occasionally this court used the imprecise term “fees,” which could be read to encompass the public defender application fee as well. To clarify, the notice requirement discussed in Smith and appearing in section 938.29(5) and rule 3.720(d), applies to public defender attorney’s fees only. The public defender application fee is statutorily mandated and therefore does not require notice of intent to impose it. § 27.52(l)(b), Fla. Stat. (2008).
In this case, Dabel was not provided notice of the trial court’s intent to impose the public defender attorney’s fees or of his right to contest the fees at a hearing. Therefore, the $300 in public defender attorney’s fees was imposed erroneously. The $50 application fee, however, is affirmed as no notice was required for this mandatory fee. We remand for the trial court to enter an order striking the $300 in public defender attorney’s fees only.

Reversed and remanded in part and affirmed in part.

HAZOURI and LEVINE, JJ., concur.

. Dabel does not contest the costs of prosecution imposed by the trial court.

. In 2008, after Dabel requested a public defender in this case, the legislature amended section 938.29(l)(a), so that it now sets a minimum public defender attorney's fee that must be imposed in every case ($50 for misdemeanors and $100 for felonies). See ch. 2008-111, § 45, at 1199-1200, Laws of Fla. The trial court retains the discretion, however, to assess public defender attorney's fees greater than those amounts.