DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LADARIUS BROOKS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2980

[June 1, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562013CF 003308A.

Carey Haughwout, Public Defender, and Amy Lora Rabinowitz, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Ladarius Brooks appeals his sentence rendered after he entered into a negotiated plea agreement. He makes two claims of error: first, that the trial court erred by imposing public defender fees without providing him with the required notice; and second, that the trial court erred by adjudicating him guilty and sentencing him for a charge on which he did not enter a plea. We agree on both issues and reverse.

Brooks was charged with one count of burglary of a structure ("Count I") and one count of second degree petit theft ("Count II"). The written plea agreement in this case clearly reflects that Brooks pleaded no contest only as to Count I, and did not enter a plea on Count II. The plea agreement also stated:

> I am not waiving my right to appeal any sentence in violation of the Sentencing Guidelines, or criminal punishment code, unless specifically contained within the plea agreement.

. . . .

> I understand that both mandatory and discretionary fees and costs may be imposed by the court at the time of sentencing. My attorney and I can object at sentencing to any fees and costs. I understand that if I fail to object at the time of sentencing, I will be waiving the ability to appeal the imposition of the fees and costs.

At the sentencing hearing the trial judge briefly discussed the charges and fees that Brooks would be responsible for, which included court costs, cost of prosecution, cost of investigation, public defender fees, and restitution. Notably, the trial court did not provide an amount for the public defender fees, and Brooks' attorney did not object.

The final order rendered by the trial court reflects that Brooks was sentenced for both Count I and Count II, although he entered a plea only as to Count I. Additionally, the trial court rendered two subsequent orders imposing fines, fees, costs, and additional charges that directed Brooks to pay fees of $1,011.00 and $1,450.00 to the public defender, for a total of $2,461.00.

Brooks subsequently filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), arguing that the public defender fees should be struck and the conviction for Count II should be vacated. He claimed that the trial court failed to provide him with the required notice of, and opportunity to object to, the public defender fees, in violation of section 938.29(5), Florida Statutes (2014). He also asserted that the trial court committed fundamental error by sentencing him on a charge to which he did not enter a plea.

According to the record on appeal, this motion was never ruled upon and is therefore deemed denied due to the trial court's failure to rule upon it within sixty (60) days. Fla. R. Crim. P. 3.800(b)(2)(B); *see also Dabel v. State*, 79 So. 3d 873, 874 (Fla. 4th DCA 2012) (stating the same). "Because a motion to correct a sentencing error involves a pure issue of law, our standard of review is de novo." *Smith v. State*, 143 So. 3d 1023, 1024 (Fla. 4th DCA 2014) (quoting *Salter v. State*, 77 So. 3d 760, 764 (Fla. 4th DCA 2011)).

2

Section 938.29(5) states:

> The court having jurisdiction of the defendant-recipient shall, at such stage of the proceedings as the court may deem appropriate, determine the value of the services of the public defender, special assistant public defender, office of criminal conflict and civil regional counsel, or appointed private legal counsel and costs, *at which time the defendant-recipient or parent, after adequate notice thereof, shall have opportunity to be heard and offer objection to the determination, and to be represented by counsel, with due opportunity to exercise and be accorded the procedures and rights provided in the laws and court rules pertaining to civil cases at law.*

§ 938.29(5), Fla. Stat. (2014) (emphasis added).

Additionally:

> As soon as practicable after the determination of guilt and after the examination of any presentence reports, the sentencing court shall order a sentencing hearing. At the hearing:
>
> . . . .
>
> (d)(1) If the accused was represented by a public defender or other court appointed counsel, the court shall notify the accused of the imposition of a lien pursuant to section 938.29, Florida Statutes. The amount of the lien shall be given and a judgment entered in that amount against the accused. *Notice of the accused's right to a hearing to contest the amount of the lien shall be given at the time of sentence.*

Fla. R. Crim. P. 3.720(d)(1) (emphasis added).

Florida courts have repeatedly held that a defendant must be notified of the amount of the public defender fee(s) to be imposed at the sentencing hearing, and of his or her right to contest the fees. *See Dabel*, 79 So. 3d at 874-75 (reversing imposition of public defender fee because defendant "was not provided notice of the trial court's intent to impose the public defender attorney's fees or of his right to contest the fees at a hearing" in violation of section 938.29(5) and rule 3.720(d)); *see also Migliore v. State*, 953 So. 2d 754, 754 (Fla. 2d DCA 2007) (reversing in

3

part because "[a]t the sentencing hearing, the trial court . . . told [the defendant] that court costs and attorney's fees would be through the court's financial recovery procedure but failed to state the amount of the fee or to advise [the defendant] of his right to a hearing to contest that amount, as required by section 938.29(5), Florida Statutes (2004) and Florida Rule of Criminal Procedure 3.720(d)(1)"); *Finkelstein v. State*, 944 So. 2d 1226, 1227 (Fla. 4th DCA 2006) (noting that the defendant was deprived of an opportunity to "be heard and object to the imposition of public defender fees," and reversing and remanding in part with instructions for trial court to provide defendant with "notice of his right to a hearing on the matter and to schedule a hearing if one is requested"); *Brown v. State*, 682 So. 2d 667, 669 (Fla. 4th DCA 1996) (reversing in part due to trial court's failure to notify defendant of his right to contest the amount charged at the time of sentence as required by rule 3.720(d)(1)).

The State argues that Brooks was on notice that any right to appeal the charges would be waived if he failed to object at the hearing, as stated in the plea agreement. However, the State fails to take into account the fact that Brooks was never notified of his right to contest the charges during the sentencing hearing, as required. Despite the statutory requirements, the record shows that the trial court merely stated at the sentencing hearing that certain costs, including public defender fees, would be imposed. The court did not state the amount of those fees at the hearing, and did not notify Brooks of his right to contest the charges.

Additionally, the record does not include any documents pre-dating the sentencing hearing that served to inform Brooks of the amount of any public defender or collateral counsel fees he would be required to pay. While the written plea agreement contains a provision notifying him that he may be responsible for certain fees, including public defender fees, the form does not include an amount. His first notification of the amount of these fees came from the orders entered by the trial court after the sentencing hearing.

On the second issue, the State concedes error. The record reflects that the trial court sentenced Brooks on Count II when he entered a plea only as to Count I. It is fundamental error to sentence a defendant on all counts charged when he or she has not entered a plea as to each offense. *See, e.g., Brown v. State*, 960 So. 2d 905, 905 (Fla. 2d DCA 2007) ("The judgment includes an adjudication for an offense to which [the defendant] did not plead. This was fundamental reversible error . . . .").

Therefore, the trial court erred by sentencing Brooks on Count II as well as Count I.

For the reasons stated above, we reverse Brooks' conviction for Count II and remand for re-sentencing on Count I. Because Brooks was on notice that public defender fees would be imposed, but was not informed of the specific amounts or of his right to contest them, at the new sentencing hearing the trial court shall inform Brooks of the amount of the public defender fees to be imposed, and of his right to a hearing. *Migliore*, 953 So. 3d at 754.

*Reversed and Remanded.*

CIKLIN, C.J., and WARNER, J., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***