DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALBERT NARVAEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-245

[January 5, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan Alspector, Judge; L.T. Case No. 18011191CF10A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and MaryEllen M. Farrell, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Albert Narvaez appeals his conviction and sentence for attempted first-degree murder, aggravated assault with a deadly weapon, false imprisonment, discharging a firearm from a vehicle, and "Battery (Domestic)." He raises three issues on appeal; however, we find merit in only one: whether the trial court erred in sentencing appellant on the battery charge as described in the amended information. We reverse for resentencing on that issue but affirm all others without comment.

The jury received the jury instruction for the "Battery (Domestic)" charge titled "Battery F.S. 784.03," referring to the general battery statute. The instruction stated, "[t]o prove the crime of Battery, the State must prove the following element beyond a reasonable doubt: [appellant] actually and intentionally touched or struck [the victim] against her will." Neither party objected to the final jury instructions. The jury found Appellant guilty on all counts, including "Battery (Domestic)."

At sentencing, the trial court treated the battery conviction as a crime of domestic violence and sentenced appellant to 364 days in jail with credit

for time served.  Appellant moved to correct his sentence under Florida Rule of Criminal Procedure 3.800(b)(2), arguing that "Battery (Domestic)" was a nonexistent crime and that the jury did not have the proper jury instruction.  When the trial court did not enter an order on this motion within sixty days, this appeal followed.  *See* Fla. R. Crim. P. 3.800(b)(2)(B).

A motion to correct a sentencing error is reviewed de novo because it "involves a pure issue of law."  *Brooks v. State*, 199 So. 3d 974, 976 (Fla. 4th DCA 2016) (quoting *Smith v. State*, 143 So. 3d 1023, 1024 (Fla. 4th DCA 2014)).

A first-time offender can be convicted of a first-degree misdemeanor for committing battery.  *See* § 784.03(1)(b), Fla. Stat. (2018); 775.082(4)(a), Fla. Stat. (2018).  For a battery to be considered under the domestic violence statute, it must result in the "physical injury or death of one family or household member by another family or household member." § 741.28(2), Fla. Stat. (2018).  "A domestic violence designation under section 741.28(2) triggers mandatory minimum sentences under section 741.283."  *Bethea v. State*, 319 So. 3d 666, 668 (Fla. 4th DCA 2021).

In *Bethea*, the defendant was similarly charged with "Battery (Domestic)," and the jury instructions also did not mention the domestic violence statute.  *Id.* at 668–69.  In that case, we found that the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), applied to the domestic violence designation in that case:

> Here, the jury was charged only on misdemeanor battery.  It was not asked to make findings regarding bodily harm or injury of the victim or the victim's status as a "family or household member" of Appellant.  Under *Alleyne*, the judge was precluded from making the domestic violence finding on her own.

*Id.* at 669–70.  There, we concluded that the defendant was sentenced to misdemeanor battery, not domestic battery, despite domestic battery being the charge submitted to the jury.  *Id.*  Thus, the defendant was entitled to resentencing because the jury did not make a finding regarding domestic violence.  *Id.* at 666–68.

As in *Bethea*, the jury instruction given at appellant's trial failed to mention domestic violence in any way, and thus, appellant should not have been sentenced using that designation.  *See id.* at 666–68.

We reverse and remand for the trial court to correct the sentence to misdemeanor battery. *See id.* at 669. At the hearing on remand, appellant's presence is not required for resentencing if the trial court merely corrects the sentence to battery; the correction would only be ministerial as the trial court would not be giving any additional consideration to the sentence or exercising any sentencing discretion. *See Jordan v. State,* 143 So. 3d 335, 339 (Fla. 2014); *see also Lecroy v. State,* 954 So. 2d 747, 747–48 (Fla. 4th DCA 2007).

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3