# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ALBERT NARVAEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-245

[March 16, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan Alspector, Judge; L.T. Case No. 18011191CF10A.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and MaryEllen M. Farrell, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

### *ON MOTION FOR CLARIFICATION*

We grant the State's motion for clarification, withdraw our previous opinion issued on January 5, 2022, and substitute the following written opinion in its place.

Appellant Albert Narvaez appeals his conviction and sentence for attempted first-degree murder, aggravated assault with a deadly weapon, false imprisonment, discharging a firearm from a vehicle, and "Battery (Domestic)". He raises three issues on appeal; however, we only find merit in one: whether the trial court erred in sentencing appellant on the battery charge as described in the amended information. We reverse for resentencing on that issue but affirm all others without comment.

The jury received the jury instruction for the "Battery (Domestic)" charge titled "Battery F.S. 784.03," referring to the general battery statute. The instruction stated, "[t]o prove the crime of Battery, the State must prove the following element beyond a reasonable doubt: [appellant]

actually and intentionally touched or struck [the victim] against her will." Neither party objected to the final jury instructions. The jury found Appellant guilty on all counts, including "Battery (Domestic)."

At sentencing, the trial court treated the battery conviction as a crime of domestic violence and sentenced appellant to 364 days in jail with credit for time served. Appellant moved to correct his sentence under Florida Rule of Criminal Procedure 3.800(b)(2), arguing that "Battery (Domestic)" was a nonexistent crime and that the jury did not have the proper jury instruction. When the trial court did not enter an order on this motion within sixty days, this appeal followed.

A motion to correct a sentencing error is reviewed de novo because it "involves a pure issue of law." *Brooks v. State*, 199 So. 3d 974, 976 (Fla. 4th DCA 2016) (quoting *Smith v. State*, 143 So. 3d 1023, 1024 (Fla. 4th DCA 2014)).

A first-time offender can be convicted of a first-degree misdemeanor for committing battery. *See* §§ 784.03(1)(b), Fla. Stat. (2018), 775.082(4)(a), Fla. Stat. (2018). For a battery to be considered under the domestic violence statute, it must result in the "physical injury or death of one family or household member by another family or household member." § 741.28(2), Fla. Stat. (2018). "A domestic violence designation under section 741.28(2) triggers mandatory minimum sentences under section 741.283." *Bethea v. State*, 319 So. 3d 666, 668 (Fla. 4th DCA 2021).

In *Bethea*, the defendant was similarly charged with "Battery (Domestic)," and the jury instructions also did not mention the domestic violence statute. *Id.* at 668–69. In that case, we found that the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), applied to the domestic violence designation in that case.

> Here, the jury was charged only on misdemeanor battery. It was not asked to make findings regarding bodily harm or injury of the victim or the victim's status as a "family or household member" of Appellant. Under *Alleyne*, the judge was precluded from making the domestic violence finding on her own.

*Bethea*, 319 So. 3d at 669–70. There, we concluded that the defendant was sentenced to misdemeanor battery, not domestic battery, despite domestic battery being the charge submitted to the jury. *Id.* Thus, the defendant was entitled to resentencing because the jury did not make a finding regarding domestic violence. *Id.* at 666–68. On remand, we

2

instructed the trial court to "enter an amended judgment of conviction and probation order without the domestic violence designation" if the State no longer sought that finding. *Id.* at 669. In the alternative, if the State intended to pursue the original charge, the trial court could elect to empanel a jury to make a finding of domestic violence. *Id.*; *see Gaymon v. State*, 288 So. 3d 1087, 1092 (Fla. 2020).

As in *Bethea*, the jury instruction given at appellant's trial failed to mention domestic violence in any way, and thus, appellant should not have been sentenced using that designation. *Bethea*, 319 So. 3d at 666–68. As a result, appellant is entitled to the same relief as described in *Bethea*.

We reverse and remand for the trial court to correct the sentence to misdemeanor battery or empanel a jury to determine whether appellant committed domestic battery in accordance with this opinion. *See id.* at 669. At the hearing on remand, appellant's presence is not required for resentencing if the trial court merely corrects the sentence to battery; the correction would only be ministerial as the trial court would not be giving any additional consideration to the sentence or exercising any sentencing discretion. *See Jordan v. State*, 143 So. 3d 335, 339 (Fla. 2014); *see also Lecroy v. State*, 954 So. 2d 747, 747–48 (Fla. 4th DCA 2007). However, if the State seeks the domestic violence designation, the trial court must empanel a jury to make that determination, and in that instance, the presence of appellant would be required. *See Burgess v. State*, 182 So. 3d 841, 842 (Fla. 4th DCA 2016) (holding "resentencing at which the trial judge has judicial discretion is not a ministerial act, and thus Appellant's presence" is required).

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY, J., concurs.
ARTAU, J., concurs in part and dissents in part with an opinion.

ARTAU, J., concurring in part and dissenting in part.

I concur with the majority on all issues except the remedy on remand. The majority remands for either a ministerial correction or the empaneling of a jury despite the State's failure to request this remedy in its appellate brief.

While this court relied on *Gaymon v. State*, 288 So. 3d 1087 (Fla. 2020), to provide the alternative remedy of empaneling a jury in *Bethea v. State*, 319 So. 3d 666, 669 (Fla. 4th DCA 2021), this court did so because the

State requested this remedy in its appellate brief. Here, the State waited until after we reversed the sentence to request the remedy of empaneling a second jury to consider what the first jury—which had only convicted defendant of misdemeanor battery—apparently failed to consider. As this court held in *Polyglycoat Corp. v. Hirsch Distributors, Inc.*, 442 So. 2d 958, 960 (Fla. 4th DCA 1983), "[w]hen points, positions, facts, and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy." In other words, "matters not previously urged to this [c]ourt may not be raised for the first time on a [m]otion for [r]ehearing," or, as in this case, in a motion seeking clarification of our previous opinion. *Id.*

Therefore, we should decline the State's belated request for a second opportunity to empanel a jury to determine if the defendant should be "adjudicated guilty of a crime of domestic violence" pursuant to section 741.283, Florida Statutes (2018). *See Puzio v. State*, 320 So. 3d 684, 688 (Fla. 2021) (declining to extend the remedy recognized in *Gaymon* "under a different statutory provision," where "the State neither asked the trial court to empanel a jury nor raised the issue in the district court, and the potential double jeopardy implications of empaneling a jury have not been fully briefed").

Furthermore, the defendant's 364-day time served sentence for the misdemeanor battery charge was completed upon pronouncement of his sentence, and he had already served in pretrial detention well over the one-year maximum he could have received even if he had been "adjudicated guilty of a crime of domestic violence" pursuant to section 741.283, Florida Statutes (2018). "Where a sentence has already been served, even if it is an illegal sentence, the court lacks jurisdiction and would violate the Double Jeopardy Clause by resentencing the defendant to an increased sentence." *Taylor v. State*, 307 So. 3d 719, 723 (Fla. 4th DCA 2020) (alteration in original omitted) (quoting *Willingham v. State*, 833 So. 2d 237, 238 (Fla. 4th DCA 2002)). Thus, there would be no legal sentence that could be imposed by the trial court from the empaneling of a jury to consider adjudicating the defendant guilty of domestic violence, as he has already served the maximum sentence that could have been legally imposed.

Moreover, since *Bethea* was determined without the benefit of our supreme court's subsequently issued opinion in *Puzio* declining to extend *Gaymon* beyond its application to a sentencing error under the Prison Release Reoffender Act codified in section 775.082, Florida Statutes (2018), I would certify the following question to the Florida Supreme Court as being one of great public importance:

4

WHETHER A DOUBLE JEOPARDY VIOLATION WOULD RESULT FROM THE STATE'S EMPANELING OF A SECOND JURY ON RESENTENCING TO DETERMINE, FOR PURPOSES OF THE MINIMUM MANDATORY JAIL TERMS CONTEMPLATED BY SECTION 741.283 OF THE FLORIDA STATUTES, IF A DEFENDANT SHOULD BE "ADJUDICATED GUILTY OF A CRIME OF DOMESTIC VIOLENCE, AS DEFINED IN [SECTION] 741.28," AFTER A DEFENDANT'S FIRST JURY FOUND HIM OR HER GUILTY ONLY OF MISDEMEANOR BATTERY AS DEFINED BY SECTION 784.03(1) OF THE FLORIDA STATUTES.

Accordingly, I respectfully dissent from the majority's remedy on remand and urge the majority to certify the foregoing question of great public importance.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**